HELEN L. HANSEN AND NEILS M. HANSEN, PLAINTIFFS-APPELLANTS, v. GREAT LAKES STAGES, INCORPORATED, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-respondent, *Holmwood & Creighton* (*William E. Holmwood,* of counsel).

For the plaintiffs-appellants, *Green & Green* (*David Green,* of counsel; *Mortimer J. Shapiro,* on the brief).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment rendered in the New Jersey Supreme Court at the Essex County Circuit

tried before Judge Mountain and a jury. The judge directed a verdict in favor of the defendant at the close of the plaintiffs' case after the defendant had rested without submitting any evidence.

The action in this case was brought to recover compensation for personal injuries and property damage by Helen L. Hansen and Neils M. Hansen, her husband, which they had sustained as the result of an automobile accident which occurred on New Year's eve, 1929. Two witnesses testified to the occurrence of the accident. These witnesses were the plaintiff Helen L. Hansen and a friend who accompanied her in the automobile, Edith Oakley. The plaintiff testified that she was driving an automobile, accompanied by Edith Oakley, and that while passing the intersection of Park avenue, Park Place and Center street, in the city of Newark, a car was pulling out from the curb on her right side. At the time, she was proceeding at the rate of about five miles an hour and directly behind her was a yellow colored taxicab. When she noticed the car pulling out form the curb plaintiff stopped her car in order to permit the other car to pass in front of her. At this particular time she noticed in her mirror that the yellow taxicab slowed down. From two to five seconds after the plaintiff stopped her car, which period she said was long enough for her and her friend to converse, a crash occurred caused by the yellow taxicab striking the rear of her car which threw her car forward against the car·which had just previously pulled out from the curb. She also testified that directly behind the yellow taxicab was a bus of the defendant company. As a result of this accident the plaintiff was injured as was also Edith Oakley and the car in which they were riding was damaged. She said that water was running from the radiator of the yellow taxicab. She did not, however, look at the position of the bus but pulled her car free from the car in front and drove to one side in order to permit the traffic from behind to pass. She stated that the yellow taxicab and the bus drivers did the same. The testimony of ·Edith Oakley was practically the same except that she did not see the yellow taxicab and the bus until after

the accident. The only evidence given by the plaintiff that the bus caused the accident was as follows: "I had copied down on the memo the number of the bus that hit me or that ran into us but I didn't get from the driver of the bus his license." It does not appear from this evidence that she intended to say that the bus actually hit her, for that statement was made by her for the purpose of identifying the memorandum which she made of the license number. It is not contended that the bus actually hit the car of the defendant. She further stated that she did not go back to the bus after she alighted from her car. There was no evidence that the bus struck the yellow taxicab. It is contended by the appellants that counsel for the defendant admitted the collision between the bus and the taxicab. The only statement which we find in the state of the case by counsel of the defendant was that he told the jury that at this particular time and place there was a Great Lakes stage bus which damaged and very slightly contacted with a taxicab. It does not appear from this admission that either the bus or the taxicab were the cars which were involved in the accident with the plaintiff nor does it appear that there was negligence on the part of the driver of the bus or that the bus pushed the taxicab into the plaintiff's car. The plaintiffs in this case were bound to show more than a possible responsibility by the defendant for the accident in order to establish a case which would entitle them to a verdict.

We are therefore of the opinion that the trial court properly directed a verdict in favor of the defendant.

The judgment below is affirmed, with costs.

*For affirmance*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Van Buskirk, Kays, Dear, Wells, Kerney, JJ. 13.

*For reversal*—None.